UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 3:03CR253(SRU) |
| | : | |
| v. | : | |
| | : | |
| SALVATORE J. CARTELLI, JR. | : | NOVEMBER 24, 2004 |

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The United States of America, through its undersigned counsel, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, respectfully requests this Court to supplement the standard voir dire questions with the following questions in its examination of prospective jurors. Additionally, it is requested that leave be granted to orally tender supplemental questions as may become necessary in light of the answers of the prospective jurors.

1. Do you, your relatives, or close friends, to the best of your knowledge, know the defendant, Salvatore J. Cartelli, Jr.

    If so:

    (a) How do you, your family member, or close friend know the defendant?

    (b) Would that relationship with the defendant prevent you from rendering a fair verdict based solely on the evidence brought out at trial?

2. Do any of you, your relatives, or close friends, to the best of your knowledge, know the attorney for the defendant, Jonathan Einhorn of New Haven, Connecticut?  If so, would that relationship affect your ability to render a fair and impartial verdict?

3. Representing the United States in this case is Assistant United States Attorney

Calvin B. Kurimai. Do any of you, your relatives, or close friends, to the best of your knowledge, know Mr. Kurimai? If so, would that relationship affect your ability to render a fair and impartial verdict?

4. Do any of you, your relatives, or close friends, to the best of your knowledge, know any of the other Assistant United States Attorneys who work with Mr. Kurimai in the District of Connecticut?

5. Seated at counsel table with the attorney for the United States is FBI Special Agent Russell Brown. Do any of you, your relatives, or close friends, to the best of your knowledge, know Special Agent Brown? If so, would that relationship affect your ability to render a fair and impartial verdict?

6. Do any of you know any of the witnesses expected to testify? They are:

[Government counsel will read the witness list]

7. Have any of you read or heard any publicity, news, or other information relating to this trial which involves allegations of credit card fraud?

    (a) Is there anything that you have read or heard that has caused you to form an opinion in this case as to the guilt or innocence of the defendant or that might influence your ability to be a fair and impartial juror and deliberate solely on the evidence presented at trial?

    (b) Do any of you have any personal knowledge of the facts in this case other than what you have heard in this courtroom today?

8. A government agent may testify in this case. Do you believe that the testimony of a government agent is entitled to greater weight than any other witness?

9. Do you believe that the testimony of a government agent is entitled to less weight than any other witness?

10. Have any of you had any legal or law enforcement training?

   If so:

   (a) What kind of training?

   (b) Would that training affect your ability to follow the court's instructions on the law that should be applied in this case?

11. Do any of you have immediate relatives who are lawyers or law students?

12. Have any of you ever served on a jury, federal or state, before?

   If so:

   (a) Was it a criminal or civil case?

   (b) If a criminal case, were you able to reach a verdict in that case?

13. Have any of you, or your close friends or relatives, ever been charged with, convicted of, or investigated concerning a criminal offense, other than minor traffic violations?

   If so:

   (a) Who was the person charged with the offense?

   (b) How long ago?

   (c) What was the nature of the offense?

   (d) What happened after you, or your friend or relative, were charged?

   (e) Would that experience prevent you from rendering a fair and impartial verdict based solely on the evidence in this case?

14. Have any of you, a close friend or relative, ever been employed by the state or

federal government?

    If so:

    (a)    When?

    (b)    With what agency?

    (c)    Are you, your family member, or friend still so employed? If not, why did you, your family member, or friend leave that job?

15. The defendant is presumed innocent until proven guilty of the offense charged in the indictment. The government is required to prove its case beyond a reasonable doubt. Do you understand that the presumption that a defendant is innocent vanishes when the Government proves its case beyond a reasonable doubt?

16 If the government proves its case beyond a reasonable doubt, do you have any reason, morally, philosophically or ethically why you could not go into the jury room and convict the defendant?

17. The law requires that you base your verdict on the facts as you find them to be from the evidence presented at trial. The law does not permit you to consider any emotions such as sympathy, prejudice, vengeance, fear, or hostility. Do any of you believe you cannot put these emotions out of your mind while listening to the evidence in this case or when you are deliberating toward reaching a verdict?

18. The charge against the defendant in this case involves alleged credit card fraud. Is there anything about this charge that would make it difficult for you to serve as a juror and to be fair and impartial?

19 Do any of you know the alleged victim in this case?

[Government counsel will read the name of the alleged victim]

20. Have you, a member of your family, or a close friend been the victim of credit card fraud, that is, the unauthorized use of a credit card or credit card account that was issued to you, a family member or a close friend? If so, is there anything about that experience that would make it difficult or impossible for you to view the evidence in this case impartially?

21. Have you, a member of your family, or a close friend been the victim of the unauthorized use of any other type of personal identification number such as a social security account number, a bank debit card PIN or a bank account number? If so, is there anything about that experience that would make it difficult or impossible for you to view the evidence in this case impartially?

22. This is a criminal trial. Your duty, as jurors, will be to determine the guilt or innocence of the defendant based on the evidence. It is my duty, as judge, to determine what punishment, if any, may be imposed in the event of a guilty verdict. Would the possibility of the defendant being sentenced to a period of imprisonment affect your ability to render a fair verdict?

23. Provided the government proves the defendant's guilt beyond a reasonable doubt, would anything you might learn about the defendant concerning such things as his age, health, religious affiliations, family circumstances, or occupation prevent you from finding him guilty?

24. In this case, the government must prove that the defendant acted knowingly and willfully in committing the offense charged in the indictment. Because it is impossible to ascertain or prove directly the operations of the defendant's mind, the government may ask you to determine his knowledge and intentions by examining all the facts and circumstances

surrounding the events charged in the indictment. Would any of you have any hesitancy in basing your verdict upon such so-called circumstantial evidence?

25. Have you, any member of your family, or a close friend ever been involved in any civil suit or case involving the United States Government?

26. The government may call a witness who is a Special Agent of the Federal Bureau of Investigation. Do you harbor any ill feelings or have any negative opinions about the FBI or any local, state or federal law enforcement agencies?

27. Would you be able to follow the Court's instructions on the law in this case even if you thought the law should be interpreted differently?

28. Would you tend to excuse or overlook a criminal offense if you believed it was committed for motives, reasons, or purposes with which you are sympathetic?

29. Is there any reason why any of you, if chosen to sit as a juror, could not render a fair and impartial verdict in this case based solely on the evidence presented and the law as the Court will instruct at the conclusion of this case?

30. Do any of you have any difficulty with your hearing, sight, or have any other medical problem that might impair your ability to devote full attention to this trial?

31. Does anyone have difficulty reading or understanding the English language?

32. This trial is expected to last approximately 2 days. Do any of you anticipate that the duration of this trial would cause any severe hardship or difficulty for you because of your employment, family circumstances, health, or other reasons?

3.      Is there any other information that you feel is relevant to your role as juror in this particular case?

          Respectfully submitted,

          KEVIN J. O'CONNOR
          UNITED STATES ATTORNEY


By:      STEPHEN B. REYNOLDS
          ASSISTANT UNITED STATES ATTORNEY
          FEDERAL BAR NO. ct019105
          915 LAFAYETTE BOULEVARD
          BRIDGEPORT, CT 06604
          (203) 696-3000


For:     CALVIN B. KURIMAI
          ASSISTANT UNITED STATES ATTORNEY
          FEDERAL BAR NO. ct07223
          157 CHURCH STREET
          NEW HAVEN, CONNECTICUT 06510
          (203) 821-3700

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been mailed to the following counsel of record on this 24th day of November, 2004, to:

>Jonathan J. Einhorn, Esq.
>412 Orange Street
>New Haven, CT 06511

                                                    _____
                                                  STEPHEN B. REYNOLDS
                                                  ASSISTANT UNITED STATES ATTORNEY

                                  For:    CALVIN B. KURIMAI
                                                  ASSISTANT UNITED STATES ATTORNEY