UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Docket No. 3:03CR253(SRU) |
| | : | |
| SALVATORE J. CARTELLI, JR. | : | November 30, 2004 |

**GOVERNMENT'S TRIAL MEMORANDUM RE: IMPEACHMENT EVIDENCE**

Trial in the captioned case is scheduled to begin on December 14, 2004. If the defendant testifies, the Government intends to impeach him, pursuant to Fed. R. Evid.609(a)(2), with evidence of the jury verdict returned on October 8, 2004 finding him guilty of mail fraud, in violation of 18 U.S.C. §1341, in <u>United States v. Albert D. LaTouche and Salvatore J. Cartelli, Jr.</u>, Docket No. 3:03CR182(SRU). Sentencing in that case is scheduled for December 30, 2004.

Fed. R. Evid. 609(a)(2) provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." It is not necessary, however, that a judgement of conviction be entered. "[A] jury verdict of guilty prior to the entry of judgement is admissible for impeachment purposes if it meets the other requirements of Fed. R. Evid.609." <u>United States v. Vanderbosch</u>, 610 F.2d 95, 97 (2d Cir. 1979). Accord, <u>United States v. Mitchell</u>, 886 F. 2d 667, 671 (4th Cir. 1989) (court's acceptance of jury's verdict sufficient predicate for use of verdict for impeachment in subsequent trial); <u>United States v. Smith</u>, 623 F.2d 627, 630 (9th Cir. 1980) (verdict of conviction alone sufficient for impeachment under Fed. R. Evid. 609); <u>United States v. Rose</u>, 526 F.2d 745, 747 (8th Cir.1975) <u>cert.</u> denied, 96 S. Ct. 1497 (1976) (no significant difference between jury's

finding of guilt and entry of judgement thereon as far as probative value for impeachment

purposes).

Fed. R. Evid. 609(a)(2) requires that the crime of conviction used for impeachment must

be one that "... involved dishonesty or false statement ..." Criminal fraud is a crime involving

dishonesty or false statement. See United States v. Hayes, 553 F.2d 834, 827 (2d Cir. 1977)

(citing conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, reprinted in (1974) U.S. Code & Ad.

News 7098, 7103); United States v. Harris, 512 F. Supp. 1174, 1176 (D. Conn. 1981)

Therefore, for the reasons set forth above, the Government should be permitted to

impeach the defendant with the verdict of guilty returned on October 8, 2004.


Respectfully Submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


/s/ BRIAN SPEARS
ASSISTANT UNITED STATES ATTORNEY

FOR: CALVIN B. KURIMAI
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No.:ct07223
157 Church Street
New Haven, CT   06510
(203) 821-3700

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing has been sent by fax and U.S. Mail this 30th day of November, 2004, to:

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511
New Haven, CT 06506

_____
/s/ BRIAN SPEARS
ASSISTANT UNITED STATES ATTORNEY