UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 3:03CR253(SRU) |
| | : | |
| v. | : | |
| | : | |
| SALVATORE J. CARTELLI, JR. | : | DECEMBER 6, 2004 |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, respectfully submits the following proposed jury instructions to be given in addition to the Court's introductory and general charges to the jury. The United States further requests leave to submit additional instructions if and when necessary.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


CALVIN B. KURIMAI
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. CT07223
157 CHURCH STREET
NEW HAVEN, CT  06510
Tel. (203) 821-3700

GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

**The Indictment and the Statute**

The Indictment charges that the defendant used account numbers established for credit cards, issued to another person.

The Indictment reads:

[Read Indictment]

The relevant statute on this subject is section 1029 of Title 18 of the United States Code. It provides:

> Whoever knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000 shall, if the offense affects interstate or foreign commerce, [be guilty of a crime].

---

Sand, *Modern Federal Jury Instructions,* 40-1 (Matthew Bender 2003); 18 U.S.C. § 1029(a)(5).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 2

**Statutory Purpose**

Congress passed this law providing penalties for unauthorized use of credit cards in order to expand the government's capacity to deal with criminals who devise sophisticated credit card scams. Congress recognized in this statute that fraudulent behavior does not always include the use of credit cards themselves.

_____

Sand, *Modern Federal Jury Instructions,* 40-2 (Matthew Bender 2003).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

**Elements of the Offense**

In order to prove the defendant guilty of the charge in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that an account number is an access device as I will explain the term to you in a moment.

Second, that the defendant used one or more access devices issued to another person or persons during any one-year period, and in so doing obtained anything of value amounting to $1,000 or more.

.

---

Sand, *Modern Federal Jury Instructions,* 40-3 (Matthew Bender 2003).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 4

**Existence of Access Device**

The first element the government must prove beyond a reasonable doubt is that an account number is an access device.

According to statute, an access device is defined to mean:

[A]ny card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

The following items were specifically considered by the Congress to fall within this definition: credit cards, debit cards, account numbers, whether assigned or not, and combinations of these and other methods of obtaining money, goods and services. Any pieces of paper which are generated by these devices, such as invoices, vouchers and sales drafts, were also considered by Congress to fall within the definition; however, Congress specifically intended to exclude transactions generated solely by paper instruments, such as passing forged checks.

Congress intended the definition of "access device" to cover any means of identification which may become available as technology advances, when used in connection with accounts, even if the means of identification is not itself an access device.

If you find beyond a reasonable doubt that the device was [an account number] which could be used alone or together with another access device to obtain something of value, then this element has been satisfied.

_____

Sand, *Modern Federal Jury Instructions,* 40-4 (Matthew Bender 2003).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

**Use of Access Device Issued to Another Person (Section 1029(a)(5))**

The second element the government must prove beyond a reasonable doubt is that the defendant used one or more access devices issued to another person or persons, and in so doing obtained anything of value amounting to $1,000 or more during any one-year period.

The term "use" has its commonsense meaning. Thus, if you find that the defendant employed an access device issued to another person to obtain money or goods, this portion of the element would be satisfied.

In order to satisfy this element, the government must also prove that the defendant obtained anything of value worth at least $1,000 during a one-year period. In connection with this portion of this element, the government must prove that the defendant received at least $1,000 worth of goods, services or money during a twelve-month period. In this regard, no one item need be worth $1,000 and no item should be disregarded in determining whether the $1,000 threshold is satisfied merely because the value of a particular item is small. The $1,000 threshold can be satisfied by any number of small or large transactions with one or more access devices, provided first, that the total value of goods, services or money adds up to at least $1,000, and second, that the $1,000 was obtained during a twelve-month period.

---

Sand, *Modern Federal Jury Instructions,* 40-9 (Matthew Bender 2003); 18 U.S.C. § 1029(a)(5).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 6

**Knowing and Willful Involvement With Intent to Defraud**

The third element that the government must establish beyond a reasonable doubt is that the defendant acted knowingly and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act with intent to defraud means to act willfully and with the intent to deceive, for the purpose of causing some loss to another. To act willfully means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of credit card fraud. If the defendant actually believed that [he was authorized to use the access devices] . . . then the defendant acted in good faith. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. No amount of honest belief on the part of a defendant that the scheme will somehow work out in the end will excuse fraudulent actions ....

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct was calculated to deceive and nonetheless, he undertook the activity for the purpose of causing some loss to another.

. . . .

If you find that the government has established beyond a reasonable doubt not only the first two elements on which I have already instructed you, but also this third element, that the defendant acted with knowledge and intent to defraud, and if the government also establishes the fourth element, as to which I am about to instruct you, then the government will have satisfied its burden of proof.

---

Sand, *Modern Federal Jury Instructions,* 40-14 (Matthew Bender 2003).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 7

**Effect on Interstate Commerce**

The fourth and final element that the government must prove beyond a reasonable doubt is that the defendant's behavior alleged in the indictment affected interstate or foreign commerce.

Interstate commerce means simply the movement of goods between two or more states. Foreign commerce means simply the movement of goods between the United States and other countries.

It is not necessary for the government to prove that the defendant personally carried or shipped the access devices across state lines or outside United States borders, nor that anyone else actually did so.

All the government must prove is that the defendant's behavior affected the movement of goods across state lines or in foreign commerce.

An interstate wire communication that results from a defendant's use of an access device, if proven beyond a reasonable doubt, satisfies the requirement under the statute that fraudulent use of an access device must affect interstate commerce.

_____

Sand, *Modern Federal Jury Instructions,* 40-15 (Matthew Bender 2003); <u>United States v. Lee</u>, 818 F.2d 302, 305-06 (4th Cir. 1987).

## **CERTTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Government's Proposed Jury Instructions has been mailed to the following counsel of record on this 6th day of December, 2004:

>Jonathan J. Einhorn, Esq.
>412 Orange Street
>New Haven, CT 06511

<br>

>_____
>CALVIN B. KURIMAI
>ASSISTANT UNITED STATES ATTORNEY