UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 DEC -6  P 4: 59

US DISTRI...
BRIDGE...

UNITED STATES OF AMERICA

3:03cr253 (SRU)

VS.

SALVATORE J. CARTELLI, JR.                    DECEMBER 10, 2004

## DEFENDANT'S MEMORANDUM: RE IMPEACHMENT EVIDENCE AND EVIDENCE PERTAINING TO "NEEDLYZER" OR GLOBAL TELECOM ACTIVITIES

### I. FACTS

The Government has indicated that should the defendant testify, it will attempt to impeach him with evidence of the jury verdict entered against for mail fraud him on October 8, 2004 in **United States v. Latouche et. al.**, Docket No. 3:03CR182(SRU).

Moreover, given the potential government witness list and potential exhibits, it is possible that a witness might reference the evidence, activities, or conduct as introduced in that case.

### II. ARGUMENT

Although the defendant was found guilty by a jury in that prior action, he has not yet been sentenced. A judgment of conviction has not yet been entered against him.

Fed.R.Evid. 609, *inter alia*, provides that

"(1)evidence ...that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
(2)evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty, or false statement, regardless of the punishment."

Notwithstanding the clear language of that rule, the Government claims that **United States v. Vanderbosch**, 610 F.2d 95, 97 (2d. Cir 1979) stands for the proposition that a jury

1

verdict of guilty is sufficient for impeachment purposes, even if the defendant has not yet been sentenced.

However a review of **Vanderbosch,** supra, indicates that the Court's holding at 97 was as follows:

> "Accordingly, we hold that a jury verdict of guilty prior to entry of judgment is admissible for impeachment purposes <u>if it meets the other requirements of Fed.R.Evid. 609</u>." (Emphasis added).

In **Vanderbosch**, the defendant did not raise the issue that the prejudicial effect of the prior conviction outweighed its probative value. See **Vanderbosch**, p. 98. The Court noted that the trial judge was "not remiss in failing to make a Sua Sponte determination of an issue not raised".

The requirements of Rule 609(a) that the trial judge must make a determination that the probative value of admitting the evidence outweighs its prejudicial effect on the defendant are thus not simply overruled by **Vanderbosch**.

Here, there is no probative value in allowing the jury to hear of Mr. Cartelli's prior conviction on a mail fraud charge. It has nothing to do with this credit card fraud charge. It is only offered in the hopes that a jury will believe that if the defendant was guilty of mail fraud, he is likely guilty of credit card fraud. That prejudice to him far outweighs any possible probative value (and none can be easily gleaned by this writer).

It is not clear if the Government would argue that Rule 609(2) overrules Rule 609(1), but that would be contrary to the purpose for the two sections. Section 1 pertains to offenses punishment by death or imprisonment of more than 1 year, and section two eliminates the reference to any specific punishment. Notwithstanding Rule 609(2), the trial court must still determine if the prejudicial effect of the evidence is outweighed by its probative value.

Moreover Rule 403 allows the trial court discretion to preclude evidence as to this verdict or of any matters relating to the prior trial as any probative value they might have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." If construed as Sec 404(b) evidence, the same should be precluded for these reasons.

For the same reasons, witnesses at this trial should be cautioned to avoid reference to evidence or matters pertaining to the prior trial. As argued earlier, those matters will only tend to make the jury believe that the prior evidence should be used against him in this case.

THE DEFENDANT

BY_____

JONATHAN J. EINHORN, ESQ.
412 ORANGE STREET
NEW HAVEN, CT  06511
TEL NO. (203) 777-3777
FED. BAR NO.  00163

## CERTIFICATION

This is to certify that a copy of the foregoing was hand delivered this 6th day of December, 2004 to:

Calvin Kurimai, Esq., Assistant U.S. Attorney,157 Church Street, New Haven, CT 06510.

JONATHAN J. EINHORN

3