## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | NO. 3:03cr253 (SRU) |
| SALVATORE J. CARTELLI, JR. | : | |
| | : | |
| | : | |

---

### JURY INSTRUCTIONS

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you concerning the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. I am sure the parties join me in recognizing the sacrifice you have made by serving as jurors, and in thanking you for your service.

It will take some time to read these instructions to you, but it is important that you listen carefully during the entire reading. Because this will take some time and because some people find it easier to understand something if they can read along, a copy of my instructions has been provided to you. Please do not write on these copies because you will not be permitted to take them into the jury room with you. Only one official copy will be allowed in the jury room during your deliberations. If you wish to take notes, please use your notebooks.

Before you retire to deliberate, it is my duty to instruct you concerning the law that will govern your deliberations. Regardless of any opinion that you may have about what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.

My instructions will be in three parts: first, I will provide you with instructions on general rules that define and control the role of the court and the duty of the jury in a criminal case;

second, I will give you instructions that relate to this case and set out the specific questions of

fact that you must answer from the evidence that has been introduced at trial; and third, I will

give you rules and guidelines for your deliberations.

Before we begin, I ask you to review the other document that has been placed on each of

your seats: the verdict form.  When you leave to deliberate, you will have with you the original

verdict form, along with the original exhibits admitted in this case, as well as a copy of these

instructions and any personal notes that you may have taken.  At the conclusion of your

deliberations, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS

### ROLE OF THE COURT

As Judge, I perform basically two functions during the trial.  First, I decide what evidence

is admissible for your consideration.  You have heard me doing that throughout the trial.  Second,

I instruct you on the law that you are to apply to the facts.  I gave you some preliminary

instructions before trial began, and some during the course of the trial when that was necessary,

but it is now – after you have heard the evidence – that most of the instructions are given.

If any lawyer states a legal principle different from any that I give you in my instructions,

it is my instructions that you must follow.

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

If I repeat or state in different ways any rule, idea or direction in these instructions, it does

not mean that I intend to emphasize that rule, idea or direction.  You should not assume from its

repetition that I mean to emphasize it. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the various instructions as a whole and consider each one in light of all the others. Moreover, the order in which I give you instructions in no way indicates their relative importance. Furthermore, you must not read into these instructions, or into anything I have said or done, any suggestion from me about what verdict you should return. That is entirely your decision.

I also should point out to you that, although you have been given a copy of the instructions to follow as I deliver them, it is what I say out loud, on the record, that represents the proper instructions. That is to say, if there is any difference between what is written on these pages and what I say, you must follow what I say.

<u>OBJECTIONS AND RULINGS</u>

It is the duty of each attorney to object when another attorney offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because an attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer (that is, in overruling a lawyer's objection) I did not intend to indicate any opinion about the weight of the evidence or the credibility of the witnesses.

If during the trial I sustained an objection to a question addressed to a witness you must

disregard the question entirely, and may draw no inference from the wording of it, nor should you speculate about what the witness would have said if he or she had been permitted to answer any question. If I have granted a motion to strike testimony, you must disregard the stricken portions because they are not evidence.

### DUTIES OF THE JURY

Turning to the duties of the jury, let me first give you a few general rules:

It is your duty to find the facts from all the evidence in the case. You must then apply the law to the facts. You must apply the law as I give it to you, whether you agree with it or not. You must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

When determining the facts, you must rely on your own recollection of the evidence. What the lawyers say, in their closing arguments, comments, objections and questions, is not evidence. You should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence.

You may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Nor is anything I may have said during the trial, or may say during these instructions, evidence. The rulings I have made during the trial are not any indication of my views of what your decision should be.

The evidence before you consists of the answers given by witnesses, the exhibits received into evidence, and any stipulations between the parties.

4

Your verdict must be based solely on the evidence, or the lack of evidence, developed at trial. It would be improper for you to consider any personal feelings you may have about a defendant's race, national origin, sex or age. It would be equally improper for you to allow any feelings that you might have about the nature of the crime charged to interfere with your decision making process.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence with your fellow jurors.

<u>OUTSIDE INFORMATION</u>

I have previously instructed you to avoid reading or listening to any news coverage about this case or the defendant on trial. If any media reports have come to your attention, you must lay them aside and completely disregard them. Similarly, if anyone has spoken to you about this case, you must ignore their comments. What you have read or heard about the case, the defendant or the attorneys outside this courtroom is not evidence in this case. Indeed, it would be unfair to consider such reports because they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise explain them. It would be a violation of your oath as jurors to allow anything you may have read or heard outside of this courtroom to influence your judgment in arriving at a true verdict in this case. Your verdict must be based solely on the evidence presented in court, and in accordance with these instructions.

## GOVERNMENT TREATED LIKE ANY OTHER PARTY

You are to perform the duty of finding the facts without bias or prejudice to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals in a court of justice.

## INDICTMENT NOT EVIDENCE

With these preliminary instructions in mind, let us turn to the charge against the defendant, Salvatore J. Cartelli, Jr. The charge is contained in an indictment. I remind you that the indictment is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of guilt.

In reaching your determination whether the government has proven the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced, or the lack of evidence introduced, against the defendant.

## BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE

At the beginning of the case, I gave you some general rules about criminal trials. I will now restate them for you in more detail. There are three basic rules:

### 1. Presumption of Innocence

Salvatore J. Cartelli, Jr. has pleaded not guilty to the charges in the indictment. As a result of his plea of not guilty, the burden is on the government to prove guilt beyond a

6

reasonable doubt. The burden never shifts to the defendant for the simple reason that the law never imposes on a defendant in a criminal case the burden of calling any witness or producing any evidence. A defendant is not even obligated to cross-examine the witnesses for the government.

The law presumes the defendant to be innocent of all the charges against him. I, therefore, instructed you that you were to presume the defendant to be innocent throughout the trial and until such time, if ever, you as a jury become satisfied that the government has proven the defendant guilty of the crime charged beyond a reasonable doubt. This presumption was with the defendant when the trial began and remains with the defendant even now as I speak to you, and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of that defendant's guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden of proof against the defendant on the specific charge against him, you must find the defendant not guilty of that charge.

## 2. Burden of Proof on Government

The second rule in a criminal case is that the burden of proving guilt is on the government. The government has that burden throughout the trial. A defendant never has any burden to prove his innocence, to produce any evidence at all or to testify.

The burden of proof on the government in a criminal case is different from the burden of proof on a plaintiff in a civil case. In a civil case, the plaintiff need only prove his case by what

7

is called the "preponderance of the evidence." This means that the plaintiff in a civil case must have better evidence than the defendant has. It is not enough in a criminal case, however, for the government simply to have better evidence than the defendant. In a criminal case, the government must prove each element of the crime beyond a reasonable doubt.

### 3. Proof Beyond a Reasonable Doubt

I have said that the burden is on the government to prove that the defendant is guilty beyond a reasonable doubt. A natural question is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. But the government is not required to prove guilt beyond all possible doubt. After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty. The test is one of reasonable doubt.

In order for the government to prove that a defendant is guilty of a specific offense charged, it must prove all elements of the offense beyond a reasonable doubt against that defendant. The burden of proof never shifts to a defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence against the defendant, you have a reasonable doubt, it is your duty to acquit the defendant of the charge.  On the other hand, if after fair and impartial consideration of all the evidence against the defendant you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict the defendant of the charge.

<u>"PROVE" AND "FIND"</u>

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the government's burden.  I shall also speak of your "finding" various facts.

Throughout my instructions, you should understand that whenever I say that the government has to "prove" an element of the offense to you, I mean that it has to "prove" that element to you beyond a reasonable doubt, as I just explained that term to you.  You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact or an element of the offense in order to return a guilty verdict, you must "find" that element to have been proven by the government beyond a reasonable doubt, even if I simply use the word "find."

## SECTION II: ISSUES IN THIS CASE

With these general instructions in mind, let us turn to the specific charge contained in the indictment.  An indictment is a charge or accusation.  It is not evidence.  It merely describes the charges made against the defendant.  It may not be considered by you as evidence of the guilt of

9

the defendant.

The government charges that the defendant, Salvatore J. Cartelli, knowingly and with intent to defraud, used credit card numbers issued to another person in order to receive more than $1,000 in one year.

## STATUTE DEFINING THE OFFENSE CHARGED

The relevant statute on this subject is 18 U.S.C. § 1029(a)(5) which make it a crime if a person:

> knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during a 1-year period the aggregate value of which is equal to or greater than $1,000 . . . if the offense affects interstate commerce

## ELEMENTS OF THE OFFENSE

I told you that in order for you to find the defendant guilty, the government must prove beyond a reasonable doubt every element of the crime with which the defendant is charged. I will now instruct you on those elements, and as I do, please keep in mind that it is not enough for the government to prove some or even most of the elements of a crime; it must prove each and every one of them beyond a reasonable doubt.

The crime with which the defendant is charged has three elements, which the government must prove beyond a reasonable doubt:

First, that the defendant used one or more access devices belonging to another person to obtain anything of value amounting to $1,000 or more during any one year period;

Second, that the defendant acted knowingly and with intent to defraud; and

Third, that the defendant's actions affected interstate commerce.

### FIRST ELEMENT– USE OF AN ACCESS DEVICE

The first element the government must prove beyond a reasonable doubt is that the defendant used one or more access devices issued to another person or persons, and in so doing obtained anything of value amounting to $1,000 or more during any one-year period.

An access device is any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds. A credit card account number is an access device.

The term "use" has its ordinary meaning. Thus, if you find that the defendant employed an access device issued to another person to obtain money or goods, then the defendant "used" the device.

The government must prove that the defendant received at least $1,000 worth of goods, services, or money during a twelve-month period. In this regard, no one item need be worth $1,000 and no item, no matter how small, should be disregarded in determining whether the $1,000 dollar threshold is satisfied. The $1,000 threshold can be satisfied by any number of transactions with any number of access devices belonging to another person, so long as the total value of goods, services, and money adds up to at least $1,000 and was obtained in a twelve-month period.

11

## SECOND ELEMENT– KNOWINGLY AND WITH INTENT TO DEFRAUD

The second element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act with intent to defraud means to act willfully and with the intent to deceive, for the purpose of causing some loss to another.  To act willfully means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

If the defendant acted in good faith, that is, if he actually believed he was authorized to use the access device, then the defendant did not act with intent to defraud.  A defendant does not act in good faith merely because he believes that his actions will ultimately work out and cause no loss. The defendant does not have the burden to prove his good faith, rather, the government must prove beyond a reasonable doubt that the defendant acted with an intent to defraud and, therefore, without good faith.

## METHOD OF PROVING KNOWLEDGE

Your decision whether Salvatore J. Cartelli, Jr. acted knowingly and with intent to defraud involves a decision about his state of mind.  It is impossible to directly prove a person's thoughts.  No one can read minds.  However, an intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer, with a reasonable degree of accuracy, the extent of the defendant's knowledge or lack of knowledge.

12

In our everyday affairs, we are continuously called upon to identify an individual's state of mind from their actions. Experience has taught us that actions often speak louder than words. Therefore, you may rely on circumstantial evidence in determining the state of mind of the defendant.

### THIRD ELEMENT - AFFECTING INTERSTATE COMMERCE

The third element the government must prove beyond a reasonable doubt is that the defendant's actions affected interstate commerce.

Interstate commerce means the movement of goods between two or more states. The government need not prove that the defendant or the access device ever crossed state lines. All the government must prove is that the defendant's behavior affected the movement of goods across state lines.

If the government proves beyond a reasonable doubt that the defendant's use of one or more access devices caused an interstate communication related to the use of the access device or devices, such as an interstate wire transmission or interstate mailing, that is sufficient to establish a use affecting interstate commerce.

### SECTION III: INSTRUCTIONS FOR DELIBERATIONS

### THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits received into the trial record.

Third, there are any facts that the lawyers have agreed or stipulated were true, or that I have directed you to find.

STIPULATION OF FACTS IN THIS CASE

During the trial, you were told that the government and the defendant agreed or stipulated to certain facts. This means simply that they all agree to those facts. There is no need for evidence by either side on these points. You must accept the stipulations as facts that have been conclusively proved, even though nothing more was said about them one way or the other. The fact that the government and the defendant have stipulated to or agreed to certain facts should not be taken as an admission of any criminal wrongdoing.

WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations.

It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that the assumed facts to be true, then you may not consider them to be true simply because they were contained in the lawyer's question. The famous example of this is a lawyer's question to a married witness: "When did you stop beating

14

your wife?" You would not be permitted to consider as true the assumed fact that the witness had beaten his wife, unless the witness himself indicated he had, or there is some other evidence of that fact in the record. In short, questions are not evidence; answers are.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict. Furthermore, if certain testimony was received for a limited purpose, such as for the purpose of assessing a witness's credibility, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their closing arguments, objections and questions is not evidence. Likewise, comments made by the lawyers are not evidence. Closing arguments are intended to help you understand the evidence and reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, your recollection controls.

Moreover, what I may have said during the trial, and what I say in these instructions, is not evidence. My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.

You may not consider exhibits that have been marked for identification as evidence unless and until they have been received into evidence as full exhibits by the court.

In addition, materials brought forth only to refresh a witness's recollection are not evidence; the witness's testimony after his or her recollection has been refreshed is evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

15

## DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is called direct evidence. Direct evidence includes a witness's testimony about something he or she knows by virtue of the witness' own senses -- something he or she has seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Because there are no windows in this courtroom, you cannot look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then, a few minutes later, another person also entered with a wet umbrella. You cannot look outside of the courtroom, and you cannot see whether it is raining, so you have no direct evidence of that fact. However, because of the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience and common sense, you infer from one established fact, the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury cannot convict a defendant unless it is satisfied of the defendant's guilt beyond a reasonable doubt based on all the evidence in the case.

<u>INFERENCE DEFINED</u>

In their closing arguments, the lawyers may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence.  The government may ask you to draw one set of inferences, while the defendant may ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence in this case, you are permitted to draw any reasonable inferences from the facts that are justified in light of your reason, experience, and common sense.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant.

## WITNESS CREDIBILITY-GENERAL INSTRUCTION

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues in the face of the very different pictures painted by the government and the defense.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have heard and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination?  Was the witness consistent in his or her testimony, or did he or she give contradictory testimony?  Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?

Whether and to what extent you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice or

hostility that may have caused the witness--consciously or not--to give you something other than a completely accurate account of the facts to which he or she testified?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the events he or she testified about, and you should also consider the witness's ability to express those observations. Ask yourselves whether the witness's recollection of the facts stands up in light of all the other evidence.

In sum, determining witness credibility requires sizing up a person in light of his or her demeanor, the circumstances of the witness's testimony, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding questions of credibility, remember that you should use your common sense, your good judgment, and your experience.

<u>DEFENDANT'S RIGHT NOT TO TESTIFY</u>

Salvatore Cartelli did not testify in this case. Under our Constitution, he has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove that Mr. Cartelli is guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is not required to prove that he is innocent.

You may not attach any significance to the fact that Salvatore Cartelli did not testify. You may not draw any adverse inference against him because he did not take the witness stand. You may not consider this against Mr. Cartelli in any way in your deliberations, nor may you

speculate about why he chose not to testify.  Furthermore, during your deliberations, you may not

discuss the fact that Mr. Cartelli has chosen not to testify.

There are many reasons why a defendant may decide not to testify.  In any event, it is not

a matter to which you should give any consideration, except to bear in mind that a defendant in a

criminal case is under no burden to prove his own innocence because the government bears the

burden of proving guilt beyond a reasonable doubt.

## LAW ENFORCEMENT WITNESS

You have heard the testimony of government and law enforcement officials.  Bear in

mind, however, the fact that a witness may be employed by the federal, state or local government

does not mean that his or her testimony is deserving of more or less consideration than that of

any other witness.

At the same time, it is entirely legitimate for defense counsel to try to attack the

credibility of a law enforcement witness on the grounds that his or her testimony may be colored

by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept or reject the

testimony of law enforcement witnesses, and to give to that testimony whatever weight you find

it deserves.

## NUMBER OF WITNESSES

You should not decide this case based on the sheer number of witnesses and exhibits

presented by a party.  You do not have to accept the testimony of any witness, even a witness

who has not been contradicted or impeached, if you find the witness not to be credible.

20

You should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, because he is presumed to be innocent.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you decide that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to the remainder of that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS AND BY PRIOR TESTIMONY

If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

21

It is exclusively your duty, based upon all the evidence, and your own good judgment to determine whether the prior statement was inconsistent with the testimony at trial, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his or her testimony or for other reasons sufficient to you, that such testimony is not worthy of belief. On the other hand, the testimony of a single witness may be sufficient to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED

There is no legal requirement that the government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern. Nor is it your concern whether or why certain persons have or have not been arrested or called as witnesses.

The law does not require calling as witnesses all persons who may have been involved in the case, or who may appear to have some knowledge of the issues in this case. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. Your verdict must be based only on the evidence presented and the witnesses who testified. Your only concern is to determine, based upon that evidence, whether or not the defendant has been proven guilty beyond a reasonable doubt.

## GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice toward any party.  You are to perform your duty in an attitude of complete fairness and impartiality.

The case is important to all parties.  All parties, whether the government or an individual defendant, stand as equals at the bar of justice.

## PREJUDICE, BIAS, SYMPATHY

Under your oath as jurors you must not be swayed by prejudice, bias or sympathy.  You are to be guided solely by the evidence in this case.  The crucial question that the jury must ask itself as it sifts through the evidence is this: has the government proven the guilt of the defendant beyond a reasonable doubt?

It must be clear to you that once you let prejudice, or fear, or bias, or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the jury has a reasonable doubt about the defendant's guilt, the jury must acquit the defendant.  On the other hand, if the jury should find the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, it should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

## THE JURY IS NOT TO CONSIDER PUNISHMENT

The question of possible punishment that Salvatore J. Cartelli, Jr. will receive if convicted is of no concern to the jury and should not, in any way, enter into or influence your

23

deliberations.  The duty of imposing sentence rests exclusively upon the judge.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt of the crime charged, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if convicted, to influence your verdict or enter into your deliberations.

At this point, we will interrupt the jury instructions to hear the closing arguments of counsel.  I will finish up just after you hear the attorneys' arguments.

[BREAK FOR CLOSING ARGUMENTS]

LAWYERS' ARGUMENTS ARE NOT EVIDENCE

You have just heard closing arguments of counsel.  I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying.  The lawyers merely presented their arguments about what the evidence has shown.  Their credibility is not an issue that should enter into your decision in this case.

RIGHT TO SEE EXHIBITS AND HAVE TESTIMONY READ

Shortly, you will go into the jury room and begin your deliberations.  You will have with you all of the exhibits admitted into evidence.  If you want any of the testimony read to you, that also can be done and will occur in open court.  I encourage to limit the recitation of testimony.  It is not easy to locate specific portions of the testimony, and reading the testimony is a time consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the testimony.

24

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the clerk or a marshal. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt or innocence until after a unanimous verdict is reached.

## NOTE TAKING

You have been permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the evidence and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

## DUTY TO CONSULT AND NEED FOR UNANIMITY

Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty, based solely on the evidence. To report a verdict, it must be unanimous.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence – if you can

25

do so consistent with your own individual judgment.

Each of you must decide the case for yourself, after consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own individual views, or to change your own opinions, if the deliberations and views of your fellow jurors convince you to do so. However, you should not surrender your honest evaluation of the facts, or about the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or merely to bring an end to deliberations.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to change your vote simply because you are outnumbered.

Your final vote must reflect your conscientious judgment about how the issues should be decided.

<u>VERDICT</u>

Upon retiring to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be spokesperson here in court. The foreperson will also be responsible for signing all communications to the court and for handing them to the marshal or clerk.

You will have with you the original form for reporting your verdict. The form also contains an additional inquiry, to which you should respond only in the event that you return a verdict of guilty. The presence of this inquiry is not in any way meant to suggest that the defendant is or is not guilty. Your response to this inquiry must be unanimous and based on

proof beyond a reasonable doubt.  The *italicized instructions* will guide you through the process of filling out the verdict form.

When you have reached a verdict, complete the form, have it signed by the foreperson, and note the date of your verdict.  Your foreperson should then inform the clerk or the marshal that you have reached a verdict.  You will be given instructions to return to the courtroom to announce your verdict.

Please note that there is nothing suggestive about the verdict form--it is just a way to let you return your verdict.  The verdict form must be used only in connection with the charge I have given you.  The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

## CONCLUSION

You are about to go into the jury room to begin your deliberations.

I must caution you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you.  Render your verdict fairly, uprightly and without a scintilla of prejudice.  Take as long as you think is

necessary to fairly and impartially reach your verdict.

Thank you for your attention.