UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | DOCKET NO. 3:03CR253(SRU) |
| v. | : | and |
| | : | DOCKET NO. 3:03CR182(SRU) |
| | : | |
| **SALVATORE J. CARTELLI, JR.** | : | MAY 4, 2005 |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

The defendant, Salvatore J. Cartelli, Jr., has moved for release on bond pending appeal pursuant to Rule 46(e) Fed. R. Crim. P. and 18 U.S.C. § 1343(b). The defendant's motion should be denied. In order to be released on bond pending appeal, the defendant must make a significant showing of a likelihood of success on appeal. That is a burden that the defendant has not met, and, in the Government's view, cannot meet.

Because the defendant was convicted of non-violent offenses – mail fraud and credit card fraud – the defendant's release or detention pending appeal is governed by 18 U.S.C. § 3143(b)(1). This section, in relevant part, provides that:

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal be detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

> (i) reversal
>
> (ii) an order for a new trial
>
> (iii) a sentence that does not include a term of imprisonment or
>
> (iv) a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. 3143(b)(1).

The decision in <u>United States v. Randell</u>, 761 F.2d 122, 125 (2d Cir. 1985), describes the relevant inquiry. Interpreting the statutory language so as not to require the district court to certify that it is likely to be reversed, the Court stated as follows:

> "We thus conclude that before a district court may grant bail pending appeal, it must find:
>
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed."

<u>Randell</u>, 761 F.2d at 125, citing <u>U.S. v. Miller</u>, 753 F.2d 19, 24 (3rd Cir. 1985); and <u>U.S. v. Giancola</u>, 754 F.2d 898, 901 (11th Cir. 1985). A question is "substantial" if it is a "'close' question or one that very well could be decided the other way." <u>Randell</u>, 761 F.2d at 125 (citation omitted). The burden is on the defendant to show that all the requirements for release pending appeal have been met. <u>Id</u>.

In these cases, the defendant has not and cannot identify a single substantial issue. They were straightforward fraud cases with overwhelming evidence of guilt presented in each. Further,

the possibility that the defendant would serve his sentence prior to the appeals being decided, even if he were able to identify a substantial appellate issue, is extremely remote. He was sentenced to serve forty-two months imprisonment. In sentencing the defendant, the Court departed upward from a guidelines sentence of thirty-three months. It is difficult to imagine the appeals process taking thirty-three months, let alone forty-two months, to conclude.

Therefore, for all the reasons set forth above, the defendant's motion should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


By:   ALEX V. HERNANDEZ
      SENIOR LITIGATION COUNSEL
      FEDERAL BAR NO. ct08345

For:  CALVIN B. KURIMAI
      ASSISTANT UNITED STATES ATTORNEY
      FEDERAL BAR NO. ct07223
      157 CHURCH STREET
      NEW HAVEN, CONNECTICUT 06510
      (203) 821-3700

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been mailed to the following counsel of record on this 3rd day of May, 2005, to:

    Jonathan J. Einhorn, Esq.
    412 Orange Street
    New Haven, CT 06511

                                  _____
                                  ALEX V. HERNANDEZ
                                  SENIOR LITIGATION COUNSEL

                      For:    CALVIN B. KURIMAI
                              ASSISTANT   UNITED   STATES   ATTORNEY